T.C. Summary Opinion 2006-118

UNITED STATES TAX COURT

NASSER AND SCOTTIANN ZAMANI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12899-05S.                Filed July 24, 2006.

Nasser and Scottiann Zamani, pro sese.

<u>Wesley F. McNamara</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $1,604 deficiency in petitioners' 2003 Federal income tax. The issue for decision is whether petitioners are entitled to a deduction for dependency exemptions for petitioner husband's son and daughter from a prior marriage.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts with attached exhibits, and additional exhibits admitted at trial, are incorporated herein by this reference. At the time the petition was filed, petitioners resided in West Linn, Oregon. Unless otherwise indicated, all references to petitioner are to Nasser Zamani.

Petitioner was formerly married to Alice Woodworth (Ms. Woodworth). Petitioner and Ms. Woodworth have three children: (1) Cyrus Zamani, born in 1983; (2) Nathan Zamani, born in 1986; and (3) Lila Zamani, born in 1988. Petitioner and Ms. Woodworth were divorced on March 3, 1993, pursuant to a divorce decree issued by an Oregon State court. The divorce decree provides in relevant part:

4. Issues Relating to Children:

A. Custody: The parties shall have joint physical custody of the minor children * * *. The children are to reside primarily at the mother's address for medical and educational purposes.

*     *     *     *     *     *     *

C.  Parenting Schedule:

School Year:  * * *  Mr. Zamani will have parenting responsibilities with the minor children of the parties during the school year from Friday following supper at 7:00 p.m. through Sunday at 9:00 a.m. following breakfast on one weekend, to be followed the next consecutive weekend by a schedule of Saturday before lunch at noon through Sunday following supper at 7:00 p.m.

*       *       *       *       *       *       *

Additionally, Mr. Zamani will parent the children Wednesday evenings to begin at 5:30 p.m. * * * until 9:00 p.m.

*       *       *       *       *       *       *

Summer:  * * *  The weekend schedule will remain the same as stated for the school year.  The weekday schedule will change.

Mr. Zamani will parent the children two days per week which includes overnight time for those days.  The days will be either Monday and Wednesday or Tuesday and Thursday from 5:30 p.m. * * * until 7:00 a.m. the next morning.  * * *

With respect to holidays and other special occasions, the divorce decree generally provides that petitioner and Ms. Woodworth will share or alternate parenting responsibilities.  It also provides that "Mr. Zamani shall be granted the tax exemptions for the three children for 1992 and continuing thereafter for so long as he is current with child support."  Petitioner was current with child support from the time of the divorce through 2003.

In addition to their regularly scheduled visits, Nathan and Lila often spent additional time with petitioner.  For example, Nathan lived with petitioners for 3 consecutive months toward the

end of 2003.  Lila also occasionally lived with petitioners for weeks at a time.  Petitioner did not introduce records of the time Nathan and Lila spent with him.

On their 2003 joint Federal income tax return, petitioners claimed a deduction for dependency exemptions for Nathan and Lila.[1]  Petitioners did not attach to their return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, executed by Ms. Woodworth.  Petitioner had asked Ms. Woodworth to sign a Form 8332, but she refused to do so.  Respondent issued petitioners a notice of deficiency in June 2005, disallowing the claimed deduction for dependency exemptions.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Pursuant to section 7491(a), the burden of proof as to factual matters shifts to respondent under certain circumstances.  Petitioners have neither alleged that section 7491(a) applies nor established their compliance with the requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate

---

[1] Petitioners did not claim a deduction with respect to Cyrus, and his status as a dependent is not in issue.

fully with respondent's reasonable requests. Petitioners therefore bear the burden of proof.

A taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents. Sec. 151(c). An individual must meet the following five tests in order to qualify as a dependent of the taxpayer: (1) Support test; (2) relationship or household test; (3) citizenship or residency test; (4) gross income test; and (5) joint return test. Secs. 151 and 152; Brissett v. Commissioner, T.C. Memo. 2003-310. If the individual fails any of these tests, he or she does not qualify as a dependent.

With respect to the support test, a taxpayer generally must provide more than half of a claimed dependent's support for the calendar year in which the taxable year of the taxpayer begins. Sec. 152(a). In the case of a child of divorced parents, if the child is in the custody of one or both of his parents for more than half of the calendar year and receives more than half his support during that year from his parents, such child shall be treated, for purposes of section 152, as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (the custodial parent). Sec. 152(e)(1). The word "custody" as used in section 152(e) is defined in section 1.152-4(b), Income Tax Regs., which provides:

"Custody," for purposes of this section, will be determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or, if none, a written separation agreement. In the event of so-called "split" custody, or if neither a decree or agreement establishes who has custody, * * * "custody" will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year. [Sec. 1.152-4(b), Income Tax Regs.]

A custodial parent may release claim to the exemption pursuant to the provisions of section 152(e)(2), which provides:

SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--

\* \* \* \* \* \* \*

(2) Exception where custodial parent releases claim to exemption for the year.--A child * * * shall be treated as having received over half of his support during a calendar year from the noncustodial parent if—

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

The temporary regulations promulgated with respect to section 152(e)(2) provide that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial

parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year."[1]  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984); see also Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332.  Miller v. Commissioner, supra at 189; Brissett v. Commissioner, supra.

Form 8332 requires a taxpayer to furnish:  (1) The names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption.  Miller v. Commissioner, supra at 190.

---

[1] Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

1.    Petitioner Was Not the Custodial Parent in 2003

Petitioner and Ms. Woodworth share custody of Nathan and Lila; however, the divorce decree indicates that Ms. Woodworth has custody for the greater portion of the calendar year. Accordingly, Ms. Woodworth was the custodial parent for purposes of section 152(e).  See sec. 1.152-4(b), Income Tax Regs.

Petitioner credibly testified that Nathan and Lila often spent time in his home in addition to the visits specified in the divorce decree.  Petitioner estimated that each child lived with him and his wife for approximately 5 to 6 months in 2003, with the remainder of the time spent at Ms. Woodworth's residence. Petitioner conceded, however, that his estimates were "very approximate" because he did not have "a clear record [of]  * * * how many days [or] which days" the children spent with him.

Assuming arguendo that the divorce decree does not establish Ms. Woodworth as the custodial parent, petitioner has not demonstrated that he was the custodial parent in 2003. Petitioner introduced no records to support his estimates and acknowledged he could not remember exactly how much time his children spent with him in 2003.  Even if we accepted the accuracy of petitioner's estimates, the time Nathan and Lila spent with him would not constitute "a greater portion of the calendar year".  Sec. 152(e)(1) (flush language).  We therefore

conclude that Ms. Woodworth was the custodial parent and petitioner was the noncustodial parent in 2003.

2.  Petitioners Did Not Attach a Form 8332 or Other Declaration to Their 2003 Tax Return

Because petitioner was the noncustodial parent for purposes of section 152(e), petitioners are not entitled to the claimed dependency exemptions unless they complied with the provisions of section 152(e)(2) and the regulations thereunder by attaching to their return a written declaration or Form 8332 executed by Ms. Woodworth.  Petitioners did not attach such a declaration or Form 8332 to their return, and as a result, they are not entitled to the deduction for dependency exemptions for Nathan and Lila in 2003.

Petitioner nevertheless argues that he is current in his child support obligation and that, under the terms of the divorce decree, he is entitled to the deduction for dependency exemptions.  Petitioner testified that Ms. Woodworth has consistently refused to execute the Form 8332, as well as other documents he has given her.  Petitioner considered seeking a court order to compel Ms. Woodworth to execute the Form 8332, but, based on his past experience in seeking a similar order, he believed it would cost approximately $2,000 in attorney's fees to do so.  Because this amount exceeds the $1,604 in issue, petitioner believes he is "caught * * * in the middle" between

Ms. Woodworth's alleged intransigence and the tax laws' apparent inability to give effect to his divorce decree.

As we have said in cases involving similar facts, we are not unsympathetic to petitioner's position. See <u>Brissett v. Commissioner</u>, T.C. Memo. 2003-310; <u>Neal v. Commissioner</u>, T.C. Memo. 1999-97. However, we are bound by the language of the statute as it is written and the accompanying regulations, when consistent therewith. <u>Michaels v. Commissioner</u>, 87 T.C. 1412, 1417 (1986). The Internal Revenue Code is clear as to the precise requirements for a noncustodial parent to become entitled to a dependency exemption. See <u>Neal v. Commissioner</u>, <u>supra</u>. Because petitioner does not meet those requirements, respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.